419 A.2d 100

**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**John A. FISHER and James Joseph Maloney.**

Superior Court of Pennsylvania.

Argued Sept. 12, 1979.

Filed March 14, 1980.

Petition for Allowance of Appeal Denied Dec. 3, 1980.

Reargument Denied May 19, 1980.

Ronald T. Williamson, Assistant District Attorney, Norristown, for Commonwealth, appellant.

Richard D. Winters, Norristown, for John A. Fisher, appellee.

Frederick W. McBrien, III, Norristown, for James Joseph Maloney, appellee.

Before CERCONE, President Judge, and WATKINS and HOFFMAN, JJ.

CERCONE, President Judge:

The Commonwealth's appeal in this case arises from the lower court's granting of the defendants' motions in arrest of judgment on the charges of possession with intent to

deliver a controlled substance.[1] The basis for the lower court's order was our original decision in *Commonwealth v. Sojourner*, 268 Pa.Super. 472, 408 A.2d 1100 (1978) which had been handed down prior to the trial of this case, October 16 to 18, 1978. Following this court's original *Sojourner* decision, however, we granted the Commonwealth's petition for reargument in that case, the result establishing a different approach on the parties burden of proof. *Commonwealth v. Sojourner*, 268 Pa.Super. 488, 408 A.2d 1108 (1979). Because the court below in the instant case did not have the benefit of our second opinion in *Sojourner* which would have required denying the defendants' motions in arrest of judgment, we will vacate the order granting the motions and remand for further proceedings consistent with this opinion.

The facts need not be set forth at length for the purposes of this opinion. Suffice it to say that the defendants, appellees herein, were arrested by the Pennsylvania State Police on April 21, 1978, immediately after completing a $23,000 sale of one pound of cocaine to undercover police officers.[2] At trial, apparently because of our initial decision in *Commonwealth v. Sojourner*, supra, the Commonwealth offered certificates from both the Commissioner of Professional and Occupational Affairs and from the Administrative Secretary of the Pennsylvania Drug, Device, and Cosmetic Board, to the effect that the defendants were not licensed to possess, manufacture or distribute controlled substances insofar as licensing and registration with those boards was concerned. The problem with the Commonwealth's proof in this regard, aside from the fact that the certificates did not exhaust the possible legal grounds for possession of controlled substances, was that the certificate from the Commissioner of Professional and Occupational Affairs only certified non–licensure as of February 8, 1978, seventy–two days prior to the sale. Thus, the court deter-

1. The Controlled Substance Drug, Device and Cosmetic Act, 35 P.S. § 780–113(a)(30) (1977).

2. A third defendant, who had not been proved to be directly involved in the transaction, was granted a directed verdict and is not a party to this appeal.

mined that the Commonwealth failed to sustain its burden of proving non–licensure on the date of the sale beyond a reasonable doubt, a conclusion the court candidly stated it regretted, but felt compelled to reach.

We need not decide whether the court's application of the initial *Sojourner* decision to the facts of this case was correct, because the defendants offered no evidence in their defense, and the Commonwealth's case–in–chief was devoid of any evidence of non–licensure. In light of this, under our most recent opinion in *Commonwealth v. Sojourner* following reargument, the Commonwealth's burden of initially proving non–licensure beyond a reasonable doubt was held not necessary. As we said in that case, "the trend is developing, and we find it to be the preferable view, that the accused first come forward with some credible evidence of authorization [assuming the government's case–in–chief has not provided such evidence] before the government need negative authorization beyond a reasonable doubt." *Id.*, 268 Pa.Super. at 500, 408 A.2d at 1114. Consequently, the Commonwealth's proffered evidence of defendant's non–licensure in the instant case was superfluous, and the gaps in the proof were immaterial.

Although we have determined that the order of the court below granting defendants' motions in arrest of judgment must be reversed, we may not remand simply for sentencing. Because of the court's conclusion concerning the motions in arrest of judgment, it did not reach the defendants' motions for a new trial. Therefore, we will remand so that the court will have the opportunity to rule on those motions at this point. In fairness to the defendants in this case, because our most recent opinion in *Commonwealth v. Sojourner* was not finally decided until months after this case was tried, the court should allow defendants leave to amend their motions in support of a new trial if they can show that their reliance upon our initial *Sojourner* decision hampered their defense.[3]

3. It is clear from the record in this case that all the parties were aware of our initial decision in *Commonwealth v. Sojourner*, 268 Pa.Super. 472, 408 A.2d 1100 (1978). Certainly, the Common-

76

In this last regard, an evidentiary hearing might be appropriate to determine what proof relevant to the *Sojourner* issue the defendants might have marshalled in their defense.

Order of the court below is reversed, and the case is remanded for further proceedings not inconsistent with this opinion.

wealth's offering the certificates of non–licensure as evidence in its case–in–chief was directly a product of that decision.